UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AQUALLIANCE; CALIFORNIA SPORTFISHING PROTECTION ALLIANCE; and CALIFORNIA WATER IMPACT NETWORK,<br><br>            Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES BUREAU OF RECLAMATION; U.S. DEPARTMENT OF THE INTERIOR; DEB HAALAND, in her official capacity; and DOES 1 - 100,<br><br>            Defendants. | No. 2:21-cv-01533 KJM DMC<br><br><u>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION</u> |

----oo0oo----

Plaintiffs have moved for a temporary restraining order and/or a preliminary injunction barring defendants from continuing with a groundwater extraction project in the Sacramento River Valley, including providing any funds or

1

approving any groundwater pumping.[1] (Docket No. 6.)  A hearing on the request for a temporary restraining order was held before the undersigned, acting as the duty judge, on September 7, 2021.

"The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction." Occupy Sacramento v. City of Sacramento, No. 2:11-CV-02873-MCE, 2011 WL 5374748, at *3 (E.D. Cal. Nov. 4, 2011) (citing Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); Reno Air Racing Ass'n., v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, 2010 WL 1558562, at *1 (E.D. Cal. 2010)).

Injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam).  In order to obtain a temporary restraining order or preliminary injunction, the moving party must establish (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20-21 (2008);

---

[1] Plaintiffs' complaint (Docket No. 1), filed on August 26, 2021, challenges the Bureau of Reclamation's August 4, 2021 Finding of No Significant Impact after an environmental review. The motion was filed on September 1, 2021.

1  Humane Society of the U.S. v. Gutierrez, 558 F.3d 896, 896 (9th
2  Cir. 2009); Credit Bureau Connection, Inc. v. Pardini, 726 F.
3  Supp. 2d 1107, 1132 (E.D. Cal. 2010) (standards for temporary
4  restraining orders and preliminary injunctions are the same).
5        "Under Winter, plaintiffs must establish that
6  irreparable harm is likely, not just possible, in order to obtain
7  a preliminary injunction." All. for the Wild Rockies v.
8  Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in
9  original).  The irreparable harm claimed here is that absent
10 injunctive relief, the Bureau of Reclamation will approve and
11 provide funding for groundwater pumping in the Sacramento River
12 Valley, leading to, among other things, damage to property from
13 land subsidence and aquifer depletion and harm to threated or
14 endangered species.  Assuming that these predicted effects
15 constitute irreparable harm, plaintiffs still must demonstrate
16 that the injury is immediately threatened.  See Caribbean Marine
17 Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988)
18 (citation omitted).  Plaintiffs have not carried this burden.
19       As explained by the government, the groundwater pumping
20 project seeks to incentivize groundwater pumping over obtaining
21 water from Shasta Basin reservoirs, though the Bureau "has just
22 received funding for the program and is only in the initial
23 stages of contacting water users about participation in this
24 program," and "has not entered into any contracts under this
25 program and no payments have been made." (Docket No. 8 at 2.)
26 Further, the Bureau represents that "it will not enter into any
27 contracts prior to September 9, 2021" and states that "it is
28 unlikely that any contracts will be in place for the next two to

three weeks." (Id.)

Plaintiffs have not shown that any irreparable harm would occur before the court can conduct a full hearing on plaintiffs' request for a preliminary injunction and review full briefing from the parties.[2] The court has no evidence that pumping would immediately occur without injunctive relief or that even if it did occur, irreparable harm to property or threatened species would occur in the brief period of time between now and a hearing on the request for a preliminary injunction, especially given the parties' agreement to a hearing on the request for a preliminary injunction later this week.[3] Moreover, plaintiffs conceded at the hearing that water users may pump groundwater without the Bureau's approval or any incentive payments, which makes it difficult, if not impossible, for the court to assess the immediate environmental impact of the Bureau's program absent a temporary restraining order.

IT IS THEREFORE ORDERED that plaintiffs' motion for a temporary restraining order be, and the same hereby is, DENIED. Plaintiffs' motion for a preliminary injunction is hereby set for hearing, pursuant to the agreement of the parties, on Thursday, September 9, 2021 at 10:00 a.m. via Zoom video conference before the undersigned judge.[4] The courtroom deputy clerk will email

---

[2] The court notes that defendants' full brief was filed yesterday afternoon. (See Docket No. 14.)

[3] The court expresses no opinion as to whether plaintiffs have met their burden of showing that the other factors for preliminary injunctive relief have been met.

[4] Pursuant to the discussion at the hearing on the request for a temporary restraining order, the parties have

counsel with the Zoom login information.

Dated: September 7, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

agreed to rely on the papers already submitted and do not request to submit supplemental briefing before the September 9, 2021 hearing.